J-S08041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE PEROZA-BENITEZ | : | |
| | : | |
| Appellant | : | No. 1146 MDA 2021 |

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005608-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE PEROZA-BENITEZ | : | |
| | : | |
| Appellant | : | No. 1147 MDA 2021 |

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000994-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE PEROZA-BENITEZ | : | |
| | : | |
| Appellant | : | No. 1148 MDA 2021 |

Appeal from the PCRA Order Entered August 19, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000995-2016

J-S08041-22

BEFORE:    BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:               **FILED: APRIL 12, 2022**

Juan Peroza-Benitez (Appellant) appeals from the order entered in the Court of Common Pleas of Berks County, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA).[1]  Appellant seeks relief from the judgment of sentence entered after he pleaded guilty to gun and drug charges.  Appellant contends the PCRA court erred in finding that plea counsel was not ineffective for not filing a direct appeal.  We affirm.

In late June and early July of 2015, Appellant sold heroin to an undercover police officer.  On October 8, 2015, police executed a search warrant of his residence and discovered heroin and a firearm.  Appellant was charged at three dockets.  On September 1, 2016, Appellant entered negotiated guilty pleas to persons not to possess firearms and three counts of possession with intent to deliver a controlled substance.[2]  In his oral plea colloquy, Appellant acknowledged he was waiving his right to appeal all defects and defenses save for the court's jurisdiction, sentence legality, and the validity of his guilty plea.  Appellant was sentenced to the agreed-upon term of five to ten years' incarceration.  Assistant Public Defender Holly

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6105(a)(1); 35 P.S. § 780-113(a)(30).

- 2 -

Feeney, Esquire (Plea Counsel), represented Appellant at the plea hearing.

Appellant did not file a post-sentence motion or a direct appeal.

The PCRA court summarized the ensuing procedural history:

> On July 10, 2017 [Appellant] filed a *pro se* [PCRA petition] in all three dockets. [The PCRA court ultimately appointed] Michael D. Dautrich, Esquire . . . to represent [Appellant] on July 30, 2018. On November 12, 2019, Attorney Dautrich filed his [***Turner/Finley***[3]] Petition for Leave of Court to Withdraw as Counsel and his supporting brief. On February 12, 2020, this Court issued its Order and Notice of Intent to Dismiss and granted Attorney Dautrich's Petition to Withdraw. [Appellant] filed [a] response[.] On May 6, 2020, this Court entered an order dismissing [Appellant's] Motion.
>
> On May 20, 2020, [Appellant] filed a Notice of Appeal to the Superior Court. [Appellant] filed a [Pa.R.A.P. 1925(b)] concise statement alleging, *inter alia*, that he asked [Plea Counsel] to file a direct appeal on his behalf but she failed to do so.
>
> On July 28, 2020, [the PCRA court] filed its Memorandum Opinion requesting that [Appellant's] PCRA matters be remanded for an evidentiary hearing to determine whether he was deprived of his constitutional right to a direct appeal. On February 24, 2021, the Superior Court vacated [the PCRA court's] order granting the Petition to Withdraw and dismissing [Appellant's] Motion.[4] The cases were remanded to [the PCRA court] with instructions to appoint new counsel for [Appellant] and schedule an evidentiary hearing limited to the issue of whether [Plea Counsel] disregarded [Appellant's] request to file a direct appeal.

PCRA Ct. Op., 10/25/21, at 1-2.

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] ***Commonwealth v. Peroza-Benitez***, 783 MDA 2020 (unpub.memo.) (Pa. Super. Feb. 24. 2021).

The PCRA court appointed Osmer Deming, Esquire, to represent Appellant and conducted an evidentiary hearing on May 27, 2021. Appellant testified he told Plea Counsel he wanted to appeal on the day of sentencing, after the sentence was imposed and as a sheriff escorted him out of the courtroom. N.T. PCRA H'rg, 5/27/21, at 5-6. Appellant stated Plea Counsel responded that his appeal would have no merit and she would not file it. *Id.* at 6. Appellant confirmed that he did not call Plea Counsel to request she file an appeal. *Id.* at 8. Appellant testified that his only correspondence with Plea Counsel was *via* letters he wrote to her some time after the sentencing hearing, seeking discovery. *Id.* at 7. He could not recall whether his letters requested her to file a direct appeal. *Id.*

Plea Counsel testified that she received Appellant's letters in December of 2016, months after the sentencing hearing, and they only requested discovery materials. N.T., 5/27/21, at 13. She did not remember the exchange Appellant claimed had occurred as he was escorted from the courtroom, nor could she recall "having [any] communication with [Appellant] regarding the word appeal" after sentencing. *Id.* at 14. Plea Counsel stated that while she "might remember if" Appellant requested an appeal, she could not "say that it absolutely didn't happen . . . ." *Id.* She also stated "if [Appellant] wanted to appeal, yelling at me on the way out of the courtroom is probably not the best way to do that." *Id.* at 16. Plea Counsel explained that if she had heard Appellant's alleged request for an appeal, she would

have first filed a post-sentence motion and met with Appellant. *Id.* at 19. She stated that she did not take those steps because she did not hear Appellant's alleged request. *Id.* She further confirmed that nothing in her file indicated that Appellant "requested [she] file a direct appeal or post-sentence motion." *Id.* at 17.

Following the evidentiary hearing, the PCRA court dismissed Appellant's PCRA petition on August 19, 2021. In its order, the PCRA court found the following:

> 4. [Plea Counsel] did not have any communication with [Appellant] following the guilty plea hearing until December 2016 when he requested his discovery.
>
> 5. [Appellant] did not request that [Plea Counsel] file a direct appeal on his behalf at any time.
>
> 6. There was nothing in [Plea Counsel's] file indicating that [Appellant] requested that she file a post-sentence motion or direct appeal.

Findings of Fact & Conclusions of Law, 8/19/21, at 5.

On August 27, 2021, Appellant, through Attorney Deming, filed timely, separate notices of appeal at each docket.[5] On September 7th, the PCRA

---

[5] Appellant has thus complied with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). ***See id***. at 977 (separate notices of appeal must be filed when a single order resolves issues arising on more than one trial court docket), ***overruled in part***, ***Commonwealth v. Young***, 265 A.3d 462, 477 (Pa. Dec. 22, 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed).
*(Footnote Continued Next Page)*

court ordered Appellant to file a concise statement of matters complained of on appeal, and he timely complied on September 17th. Appellant's concise statement raised 13 issues.

On appeal, Appellant asserts the following issue:

Did the PCRA Court err in its August [19], 2021 Order, dismissing [Appellant's] Motion for PCRA relief in . . . finding . . . [Appellant] did not request [Plea Counsel] to file a direct appeal on his behalf at any time[,] given the insistence of [Appellant] at the PCRA hearing that he did request [Plea Counsel] to file an appeal as he was being led out of the courtroom after sentencing and given the testimony of [Plea Counsel stating] "I can't say that it absolutely didn't happen, although I would think that I might remember if it did" along with her other testimony[?]

Appellant's Brief at 5.

Our standard of review for a PCRA petition is well established. "The PCRA court's factual determinations are entitled to deference, but its legal [conclusions] are subject . . . to plenary review." *Commonwealth v. Hawkins*, 894 A.2d 716, 722 (Pa. 2006). "[T]he PCRA court judge may believe all, some, or none of a particular witness' testimony." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1277 (Pa. 2014). The "PCRA court's credibility determinations are binding upon an appellate court so long

---

Furthermore, we note that although Attorney Deming filed a notice of appeal, Appellant is represented by Douglas Waltman, Esquire, on appeal. The trial docket does not indicate when new counsel entered their appearance.

as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013).

A successful ineffective assistance of counsel claim requires a PCRA petitioner to plead and prove by a preponderance of the evidence three mandatory elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. ***Commonwealth v. Charleston***, 94 A.3d 1012, 1019 (Pa. Super. 2014) (citation omitted). Generally, the third prong necessitates a petitioner to show that but for counsel's act or omission, the outcome of the proceeding would have been different. ***Id.***

> [C]ounsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request.

***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).

Appellant argues that the PCRA court erred by dismissing his PCRA petition because its findings were unsupported in the record. He avers the court erred in determining he failed to prove that Plea Counsel refused his request for a direct appeal. Appellant's Brief at 19-21. Appellant asserts the PCRA court's finding, that "[he] did not request [Plea Counsel] to file a direct

appeal . . . at any time," is neither supported by the record nor free of legal error because Plea Counsel's "testimony was, essentially, that she didn't remember[.]" *Id.* at 19. Appellant argues that because Plea Counsel "did not actually deny that [he] had requested a direct appeal," the PCRA court's finding that he did not ask for one is unsupported by the record.[6] *Id.* at 21.

Here, the PCRA court found Plea Counsel credible, and found Appellant did not request her to file an appeal. Our review of the record, including the transcripts of the September 1, 2016, guilty plea and sentencing hearing and the May 27, 2021, PCRA hearing, supports the PCRA court's findings. We note the sentencing hearing transcript does not include a statement by Appellant requesting Plea Counsel to file an appeal. *See* N.T. Guilty Plea & Sentencing H'rg, 9/1/16 at 11. Although Plea Counsel did not remember whether Appellant requested she file an appeal, she described her usual procedure when a client wishes to file a direct appeal, and she stated she did not have any subsequent meetings with Appellant. N.T., 5/27/21, at 19. Plea Counsel further confirmed, and the PCRA court found, her files contained no indication

_____

[6] In his brief's "Statement of the Case" section, Appellant argues Plea Counsel was ineffective for failing to file a motion to suppress evidence. However, because Appellant pleaded guilty, he has waived any suppression issue. *See Commonwealth v. Dalberto*, 648 A.2d 16, 18 (Pa. Super. 1994) ("It is firmly established that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of sentence, and the validity of the guilty plea.") (citations and emphasis omitted).

- 8 -

Appellant had requested she file a direct appeal. **See id.** at 19-21. The PCRA court found Plea Counsel credible, and we defer to this finding. **See Robinson**, 82 A.3d at 1013.

In conclusion, the PCRA court did not err in finding Plea Counsel to be credible and denying Appellant's petition for collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2022